AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Stanley Hilliard <br> *Plaintiff* <br> v. <br> The City of NY, Raymond Kelly, Police Commissioner of the NYC Police Dept., Police Officer "Shiselli" Shield No. 11840 of the 44th Precinct, NYC Police Officers John Does. <br> *Defendant* | ) ) ) ) ) ) ) ) ) ) Civil Action No. **12 CIV 5093** <br><br> **JUDGE CEDARBAUM** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* — The City of New York, Raymond Kelly, Polce Commissioner of NYC Police Department and Police Officer "Shiselli" Shield NO. 11840 of the 44th Police Precinct.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: JUN 29 2012

_____
*Signature of Clerk or Deputy Clerk*

JUDGE CEDARBAUM

12 CIV 5093

UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF NEW YORK

STANLEY HILLIARD,

           Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY, POLICE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER "SHISELLI" SHIELD NO.: 11840 OF THE 44TH POLICE PRECINCT, NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT,

           Defendants.

**COMPLAINT**

DOCKET NO.:

**JURY TRIAL DEMANDED**

RECEIVED JUN 29 2012 U.S.D.C. S.D.N.Y. CASHIERS

## Preliminary Statement

1. This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, and under the Civil Rights Act, 42 U.S.C. §1983 and the laws of the State of New York. Plaintiff STANLEY HILLIARD'S rights were violated when police officers forcibly seize him while lawfully while in public, threatened him with drawn weapons, detained him and searched his possessions on the claimed basis of an alleged investigation of criminal activity. By reason of defendants' actions, including their failure to follow proper procedures, and their unreasonable conduct, plaintiff was deprived of his constitutional and common law rights.

2. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343. This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b) in that plaintiff's claim arose in the Southern District of New York and plaintiff resides in that district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## PARTIES

7. The Plaintiff STANLEY HILLIARD resides and at all times hereinafter mentioned, resided at 940 Grand Concourse in Bronx County, State of New York.

8. Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police

2

department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9. RAYMOND KELLY ("KELLY") has been the Police Commissioner of the New York City Police Department since January 2002, and was acting in such capacity at all times relevant herein. He is sued in his official capacity.

10. POLICE OFFICER "SHISELLI" SHIELD NO.: 11840 OF THE 44TH POLICE PRECINCT, NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are being sued herein in their in their individual and official capacities.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their

3

duties. They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

12. Plaintiff STANLEY HILLIARD timely filed a Notice of Claim with the Comptroller of the City of New York on November 12, 2010.

13. THE CITY OF NEW YORK assigned a claim number to plaintiff's claim, *to wit*, Claim number 2011PI000055, and exercised its right to conduct an individual examination of STANLEY HILLIARD on August 23, 2011. Neither Plaintiff nor his counsel was provided with a copy of the transcript of that examination. Thirty (30) days have elapsed since that examination and the Defendants have not made any attempts to settle or resolve this action.

14. The events upon which this action is based occurred on November 9, 2010 and on May 8, 2012.

## STATEMENT OF FACTS

15. Plaintiff is an African American as well as a practicing Muslim.

16. On November 9, 2010, Plaintiff was lawfully parked in his van in the area of his residence. Plaintiff resides at 940 Grand Concourse in Bronx County.

17. At approximately 8:00 P.M. that day two or more police cars surrounded Plaintiff's car and approximately six officers surrounded Plaintiff's car with their weapons out and ordered Plaintiff to exit his car.

18. The officers proceeded to keep their weapon or weapons drawn as they forced Plaintiff to stand with his legs spread and his hands placed face down on his van.

19. The officers conducted a full blown search of Plaintiff and his van. They: went into Plaintiff's pockets and removed personal items; asked Plaintiff if he had any weapons and continued to make Plaintiff stand in that prone position outside his residence for a period of time while neighbors and others witnessed the manner in which Plaintiff was treated.

20. When Plaintiff objected to the officers' treatment one of the officers stated that Plaintiff fit the description of a "shooter". The police neither read Plaintiff's description over the police radio nor did they conduct any identification procedures.

21. Upon information and belief, if in fact police were looking for a "shooter", it is claimed that the only characteristic Plaintiff shared with that suspect is that he was black

22. Upon information and belief, the more likely reason for the unlawful seizure and search of Plaintiff was the Defendant's practice of active and aggressive "stop and frisk" policy subjecting blacks and other minorities to unlawful searches and seizures.

23. After approximately one hour of detention as described above, the police left the scene without arresting or further detaining Plaintiff.

24. On May 8, 2012, New York City Police Officers again stopped Plaintiff while he was operating his van at or near Washington Avenue and Governeur's Place in Bronx County.

25. After issuing summonses to Plaintiff for non-existent traffic violations, the Officer walked away and called out to Plaintiff, "guilty or not guilty!"

26. As of the date of this incident, defendant KELLY has failed to implement procedures which were known to defendants that would have eliminated the policy of unlawfully stopping, unlawfully detaining and unlawfully searching blacks and other minorities.

27. Defendants' failure to take such measures, was and is unreasonable conduct and violative

6

of Plaintiff's civil rights as guaranteed by the New York State and United States Constitution.

28. The actions and conduct herein arose from a policy, practice and/or custom in which Defendants, THE CITY OF NEW YORK and KELLY knew that the manner in which officers under their control and tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

29. The actions and conduct herein further arose from a policy, practice and/or custom, in which defendants, THE CITY OF NEW YORK and KELLY failed and refused to properly train and supervise police officers with regard to the manner in which they treat and act towards blacks and minorities as opposed to non-minorities.

30. The violation of Plaintiff's civil rights was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS. Those violations on Plaintiff were made without proper cause.

31. The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats all allegations contained in paragraphs "1" through "31" inclusive with the same force and effect as though more fully set forth herein again at length.

33. The defendant's actions as alleged herein were committed under color of law.

34. The actions, conduct and policies, practices and/or customs of defendants as alleged herein violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

35. As a result of the acts alleged herein, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

36. Plaintiff repeats all allegations contained in paragraphs "1" through "35" inclusive with the same force and effect as though more fully set forth herein again at length.

37. Defendants, their agents, servants and employees were reckless, incompetent, and

8

negligent and acted unreasonably and in bad faith in their unlawful detention, seizure and search of Plaintiff and his possessions.

38. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

39. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats all allegations contained in paragraphs "1" through "39" inclusive with the same force and effect as though more fully set forth herein again at length.

41. Defendants' acts in the touching and restraint of plaintiff were willful and malicious with the intent of causing or threatening to cause plaintiffs bodily harm.

42. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

43. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

44. Plaintiff repeats all allegations contained in paragraphs "1" through "43" inclusive with the same force and effect as though more fully set forth herein again at length.

45. During the course of defendants' actions, Defendants intentionally and maliciously forcibly restrained and detained plaintiff and prevented his form moving of his own free will.

46. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

47. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

48. Plaintiff repeats all allegations contained in paragraphs "1" through "47" inclusive with the same force and effect as though more fully set forth herein again at length.

10

49. THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendants POLICE OFFICER "SHISELLI" SHIELD NO.: 11840 OF THE 44TH POLICE PRECINCT, NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on November 9, 2010 and at other times, at the aforementioned locations.

50. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

51. As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

52. Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

WHISEFORE, Plaintiff prays for relief as follows:

1. This Court issue a declaration that defendants have violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2. That the jury finds and the Court adjudge and decree that Plaintiff, STANLEY HILLIARD,

shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.0) Dollars against all defendants jointly and severally.

3. Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4. Require the Defendants to pay Plaintiff punitive damages; and

5. Order any other relief the Court deems appropriate.

Dated: May 18, 2012

_____
ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111